GEORGE K. AND LORRAINE B. NOTTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Notter v. Commissioner
Docket No. 17534-80
United States Tax Court
T.C. Memo 1982-96; 1982 Tax Ct. Memo LEXIS 651; 43 T.C.M. (CCH) 631; T.C.M. (RIA) 82096; February 23, 1982. George K. Notter, pro se. Daniel P. Ramthun, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined the following deficiencies in petitioners' Federal income taxes and additions to tax as follows: Additions to Tax [1]
Year
Deficiency
under Section 6653(a)
1975
$ 2,658
$ 133
1976
4,295
215
1977
6,053
303
These proposed deficiencies give rise to the following issues: (1) Did petitioners receive interest income in the years 1975, 1976, and 1977 in the amounts determined by the respondent? (2) Whether damages allegedly incurred on several cars owned by petitioners and damages inflicted on their fence constituted deductible casualty losses under section 165(c)(3) during 1975 and 1976. (3) Are petitioners entitled to deduct the insurance costs and transportation expenses claimed by them as medical expenses in the years 1975, 1976, and 1977? *653 (4) Are petitioners entitled to deduct charitable contributions as claimed in the years 1975, 1976, and 1977? (5) Are petitioners entitled to deduct rental losses claimed in the years 1975, 1976, and 1977? (6) Are petitioners entitled to deduct patent licensing losses claimed in the years 1975, 1976, and 1977? (7) Are petitioners entitled to deduct real estate taxes and state income taxes as claimed in 1977? (8) Are petitioners liable for the additions to tax under section 6653(a)? Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners George K. Notter and Lorraine B. Notter are husband and wife. They filed timely joint Federal income tax returns for the taxable years 1975, 1976, and 1977 with the Director, Internal Revenue Service, at Fresno, California. At the time of filing the petition in this case, the petitioners were residents of Orinda, California. Respondent sent a timely deficiency notice to petitioners proposing the following disallowances for the years in issue: 1975
1976
1977
Interest Income
$ 1,428
$ 1,357
$ 2,881
Casualty Loss
850
3,400
670
Contributions
345
845
945
Medical Expense
1,543
1,650
1,124
Rental Loss
2,243
2,668
4,033
Patent Licensing
5,364
6,321
8,029
Real Estate Taxes
423
State Income Tax
196
*654 Issue 1. Interest Income
FINDINGS OF FACT AND OPINION Petitioners received interest income from a variety of financial institutions and insurance companies in the amounts of $ 1,428 in 1975, $ 1,357 in 1976, and $ 2,881 in 1977. Petitioners do not dispute that these amounts were paid to them by various financial institutions in the year in question. Nevertheless, petitioners reported zero interest for each of the three years in issue. Section 61(a)(4) provides that gross income includes interest. Petitioners nevertheless argue that they did not receive interest because the rate of inflation exceeded any rate of interest that they received, and therefore they had a net loss. This and other similar arguments have been consistently rejected by the courts. See Hellermann v. Commissioner, 77 T.C.     (Dec. 30, 1981). Petitioners also appear to argue that they are entitled to interest from the Government on amounts withheld from their salaries, and that this interest due them more than offsets the interest they failed to report. There is no merit to petitioners' claim. *655 Issue 2. Casualty Losses
FINDINGS OF FACT AND OPINION Petitioners claim that several cars on which they maintained no casualty insurance were destroyed during 1975 and 1976. Additionally, petitioners claim a casualty loss as a result of a tree growing into and causing damage to a fence. Beyond petitioner George Notter's bare assertion, there is not one shred of evidence in the record pertaining to any of these casualties. Petitioners have completely failed to substantiate the casualty loss to the cars and the fence, and we do not reach the difficult question of whether the alleged casualty is deductible as a legal matter. Cf. Maher v. Lcommissioner,76 T.C. 593 (1981). Issue 3. Medical Expenses
FINDINGS OF FACT AND OPINION Petitioners claim they are entitled to a medical expense deduction for premiums paid for automobile insurance, life insurance, and bodily injury insurance. Substantiation of these items is not an issue. Section 213 allows a deduction for medical expenses that are incurred "for the diagnosis, cure, mitigation, treatment, or prevention *656 of disease, or for the purpose of affecting any structure or function of the body" or "for transportation primarily for and essential to medical care" or "for insurance * * * covering medical care." See section 213(e)(1)(A), (B), and (C). The premiums that petitioners paid were not for medical care or for insurance providing medical care for either petitioners or their dependents. Petitioners also claimed transportation expenses for medical care. The parties have stipulated that petitioners traveled 2,500 miles for this purpose in 1975, 4,000 miles in 1976, and 4,000 miles in 1977. However, petitioners claimed a standard mileage rate of $ .34 per mile, while the standard mileage rate applicable to the years in issue for medical transportation expenses was $ .07 per mile. Petitioners, at trial, reaffirmed their reliance on the standard mileage rate, and produced no itemized automobile expenses. Having elected to deduct the standard mileage rate, petitioners are limited to the amount provided for in the year in question. Issue 4. Charitable Contributions
FINDINGS OF FACT AND OPINION Petitioners deducted charitable contributions of $ 345 in 1975, $ 845 in 1976, and $ *657 945 in 1977. Other than the information listed on petitioners' return, which was stipulated at trial, petitioners introduced no evidence on this subject. They did indicate that a substantial portion of the expenses were contributions to a church. It appears that petitioners belong to Universal Life Church. Although there is no congregation, or place of worship, petitioner George Notter himself gives a sermon every six months. Accordingly, he paid the contributions to himself as minister to use as he saw fit. The contributions claimed as a charitable contribution in the instant case are not deductible for lack of substantiation and because they were not paid to a qualifieid recipient. Issue 5. Rental Loss
FINDINGS OF FACT AND OPINION Petitioners owned rental property during the years in issue, and claimed a variety of expenses which were disallowed. The rental loss disallowed by respondent was $ 2,243 for 1975, $ 2,668 for 1976, and $ 4,033 for 1977. Petitioners deducted the value of their labor in working on the rental property, various legal expenses, and a casualty loss relating to landscaping that was destroyed as a result of a drought. Petitioners also deducted *658 other rental expenses for which they provided no documentation. The value of petitioners' labor is not a deductible expense. Any out-of-pocket expenses related to equipment or facilities or materials that were used would be deductible, assuming that they were not for the creation of a capital asset. However, petitioners have produced no evidence indicating that there were any out-of-pocket costs of any kind. Additionally petitioners claim to have talked to the owner of a nursery in regard to the landscaping that was allegedly destroyed as a result of the drought. Although the nurseryman gave them figures regarding replacement costs of the items petitioners claim to have been destroyed, scanty information as to these figures was submitted. Petitioners were wholly vague as to all aspects of these deductions, including any diminution in value attributable to the drought or their basis in the property prior to the alleged casualty. This issue must be decided for respondent. Issue 6. Patent Licensing Expenses
FINDINGS OF FACT AND OPINION Petitioners claimed patent licensing expenses of $ 5,364 for 1975, $ 6,321 for 1976, and $ 8,029 for 1977. Petitioners claim that *659 the bulk of these expenses were for postage, although some of it related to periodicals, books, calculators, typewriters, an office in the home and other items. Petitioner George Notter has never had any income from patents other than "a token reimbursement." These items are disallowed because they were not incurred in connection with a trade or business (section 162) nor in connection with transactions entered in for profit (section 212). Additionally, the items were wholly unsubstantiated, and to the extent that any of the expenses were incurred, such as office in the home, they are not deductible, or were incurred for personal reasons. Issue 7. Real Estate and State Income Taxes
FINDINGS OF FACT AND OPINION Respondent disallowed some of the real estate taxes and income taxes deducted by petitioners in 1977. The issue in both cases is one of substantiation. Respondent allowed petitioners a deduction for state taxes withheld from their wages in the State of California in 1977, and allowed them a deduction for real estate taxes that were substantiated. Petitioners produced no substantiation at trial that would entitle them to a deduction beyond that allowed by respondent. *660 Issue 8. Additions to Tax
FINDINGS OF FACT AND OPINION Respondent assessed an addition to tax pursuant to section 6653(a), alleging that petitioners' underpayment is due to negligence or intentional disregard of the regulations. Petitioners have the burden of proof on this issue, and we conclude that the addition to tax imposed by respondent is wholly justified. Petitioner George Notter is a chemist, an intelligent man with considerable formal education. He failed to report several thousand dollars in interest income over the years in issue, and some of the deductions claimed on petitioners' return obviously are so lacking in merit that, at the minimum, they constitute intentional disregard of the rules and regulations. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩